UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
MEYER GRUNSTEIN,                                    :
                                                    :
                              Petitioner,           :        MEMORANDUM AND
                                                    :        ORDER
          -against-                                 :
                                                    :        No. 24-MC-2402-JRC
UNITED STATES OF AMERICA,                           :
                                                    :
                              Respondent.           :
                                                    :
--------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

On June 18, 2024, *pro se* petitioner ("petitioner" or "Grunstein") commenced the instant

action to seal or expunge his criminal record. *See* Mot. to Expunge, Dkt. 1. The government

opposes the petition. *See* Resp. in Opp'n, Dkt. 7. For the reasons set forth below, the Court

denies the motion to expunge.

## I.    Factual Background

On March 27, 1987, petitioner was arrested and charged in a federal Complaint with

knowingly, and with intent to defraud, using and attempting to use one or more counterfeit

access devices contained in a cellular mobile telephone, in violation of 18 U.S.C. § 1029. *See*

Docket Sheet in *United States v. Grunstein* ("*U.S. v. Grunstein*"), No. 87-MJ-326, Dkt. 1-1; Min.

Entry dated 3/27/1987 in *U.S. v. Grunstein*; Compl. in *U.S. v. Grunstein*, Dkt. 1-2. On August 6,

1987, the Honorable Allyne R. Ross, then-United States Magistrate Judge, dismissed the

complaint without prejudice. *See* Order filed on 8/6/1987 in *U.S. v. Grunstein*, Dkt. 1-8.

Petitioner seeks to seal or expunge his record because it is an "embarrassing mistake" that

"continues to haunt [him] – like when [he] applied for employment, or Global Entry[.]" Mot. to

Expunge, Dkt. 1 at ECF page 4.[1]  He explains that at the time of his arrest, he "was young and []
did something stupid" and "fully cooperated with the prosecution." *Id.*  He contends that he has
"had zero issues with the law" since his arrest, and is "an upstanding citizen." *Id.*

The government opposes petitioner's request for expungement on the grounds that he
fails to demonstrate "unusual or extreme circumstances" that would warrant such relief.  *See*
Resp. in Opp'n at 2.  The government argues that "petitioner's employment challenges are no
more unique or burdensome than those claimed in" other cases where such requests were denied.
*See id.* at 3.

## II. Discussion

The Attorney General is required to obtain and preserve criminal records, including arrest
records, pursuant to 28 U.S.C. § 534(a).  "No federal statute provides for the expungement of an
arrest record."  *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977).  "Instead,
expungement lies within the equitable discretion of the court, and relief is usually granted only in
'extreme circumstances.'"  *Id.* ("A court, sitting in a criminal prosecution, has ancillary
jurisdiction to issue protective orders regarding dissemination of arrest records.").[2]  "[T]he
power to expunge is a narrow one, and should . . . be reserved for the unusual or extreme case."
*Id.* (internal quotation marks and citation omitted).  When exercising its discretion as to whether
such circumstances exist, the court must "balanc[e] the equities between the right of privacy of
the individual and the right of law enforcement officials to perform their necessary duties,"

---

[1] References to the page numbers generated by the Court's electronic case filing system appear
as "ECF page."

[2] Courts analyze motions to seal and expunge an arrest record under the same standards.  *See
Vargas v. United States*, No. 17-MC-809, 2017 WL 3381868, at 1 n.1 (E.D.N.Y. Aug. 4, 2017)
("courts have recognized that when a petitioner requests expungement, he or she is essentially
asking the court to destroy or seal the records of arrest"); *Peters v. United States*, No. 13-MC-
103, 2013 WL 3280880, at *1 n.1 (E.D.N.Y. June 27, 2013).

including the "compelling public need for an effective and workable criminal identification

procedure." *Id.* (internal quotation marks and citation omitted).

Courts have found "extreme circumstances" warranting expungement or sealing in a

limited number of cases "where some impropriety attends the government's actions." *United*

*States v. Ravitsky*, No. 02-CR-1268, 2006 WL 1455467, at *2 (E.D.N.Y. May 23, 2006) (internal

quotation marks and citation omitted); *see Schnitzer*, 567 F.2d at 540; *United States v.*

*McFadzean*, No. 93-CR-25, 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999).  "Expungement is

routinely denied when no constitutional violation has been demonstrated." *Joefield v. United*

*States*, No. 13-MC-367, 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013) (collecting cases).

Courts have granted expungement "1) when courts determine that a petitioner's constitutional

right has been violated by an arrest or a conviction; 2) when mass arrests rendered it impossible

to prove probable cause; 3) when the purpose of arrests was solely to harass workers; 4) when

the police misused criminal records to a defendant's detriment; and 5) when an arrest was proper

but based on a statute later declared unconstitutional." *See id.* (internal citations omitted); *see*

*also Schnitzer*, 567 F.2d at 540; *Nordberg v. United States*, No. 21-MC-3118, 2024 WL

2079648, at *2 (E.D.N.Y. May 9, 2024).

On the other hand, courts have consistently denied motions to expunge based on a

petitioner's difficulty in obtaining or maintaining employment.  *See Schnitzer*, 567 F.2d at 540;

*Nordberg*, 2024 WL 2079648, at *2; *Joefield*, 2013 WL 3972650, at *3 (collecting cases);

*Ravitsky*, 2006 WL 1455467, at *2.

Here, petitioner has not alleged government misconduct or any constitutional violation

that would establish "extreme circumstances."  Instead, petitioner seeks expungement because he

views his criminal record as an obstacle, "like when [he] applied for employment, or Global

Entry." Mot. to Expunge, Dkt. 1 at ECF page 4. Such "generalized fear of a potential adverse effect on future employment" and travel is insufficient to warrant expungement. *Norberg*, 2024 WL 2079648, at *2; *see Schnitzer*, 567 F.2d at 540 ("Schnitzer may be asked to explain the circumstances surrounding his arrest. However, his situation is not harsh or unique. Such an explanation may be expected from those about to enter a profession[.]"); *Ruiz v. United States*, No. 19-MC-850, 2019 WL 3388817, at *3 (E.D.N.Y. July 25, 2019); *Prophete v. United States*, No. 10-MC-811, 2011 WL 5027172, at *1 (E.D.N.Y. Oct. 20, 2011) ("Petitioner's travel restrictions do not warrant relief.").

Although petitioner's concerns are understandable and the Court is sympathetic to the consequences of a decades-old arrest record,[3] in the absence of "extraordinary circumstances" required to warrant the rare remedy of expungement or sealing, the Court is constrained to deny the petition.

---

[3] Several courts in this District have lamented the high standard required for expungement. *See, e.g.*, *Atori v. United States*, No. 14-MC-1038, 2016 WL 525469, at *3 (E.D.N.Y. Feb. 8, 2016) ("The court is not without sympathy for [p]etitioner and the many other individuals in similar circumstances who have paid their debt to society yet continue to face collateral consequences of their convictions. Indeed, there is a growing awareness of the extent to which criminal records continue to burden former defendants, far beyond the conclusion of their court-imposed sentences. However, in light of the stringent standard set by the Second Circuit in *Schnitzer*, and in the absence of legislation from Congress, the court is not in a position to lift these burdens." (citation omitted)); *Stephenson v. United States*, 139 F. Supp. 3d 566, 572 (E.D.N.Y. 2015) ("Criminal records are remarkably public and permanent, and their effects are pernicious. A criminal sentence too often becomes 'a lifetime of unemployment.' It is time for a change. . . . As a judiciary, it may be time to revisit the standard for granting expungement and consider, based on what we know now, whether expungement should be limited to only the most 'exceptional' cases.") (citations omitted).

**Conclusion**

For the foregoing reasons, petitioner's motion to expunge or seal is denied.  A copy of this Memorandum and Order is being electronically served on counsel.  Further, the Court directs the government to mail and email (MGontime247@gmail.com) a copy of this Memorandum and Order to petitioner, and to file proof of service on ECF by May 2, 2025.

**SO ORDERED**

Dated: Brooklyn, New York
        April 29, 2025

                                        s/ James R. Cho
                                        James R. Cho
                                        United States Magistrate Judge